

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00129-CV
_____

JOHN-HENRY GARBER, Appellant

V.

COOPER INDEPENDENT SCHOOL DISTRICT, DELTA COUNTY, DELTA COUNTY
MUNICIPAL UTILITY DISTRICT, AND DELTA COUNTY EMERGENCY SERVICES
DISTRICT #1, Appellees

On Appeal from the 62nd District Court
Delta County, Texas
Trial Court No. 24-060-DCCV-11711

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

John-Henry Garber failed to pay local land- and business-personal- property taxes for tax years 2022 through 2024. Garber sought to invalidate the tax assessments by renouncing his citizenship, attempting to separate himself from his name in favor of being a "living man," and claiming that he sold his property to an unnamed "[p]rivate [o]wner."

These strategies were rejected by the taxing authorities comprised of Cooper Independent School District, Delta County, the Delta County Emergency Services District #01, and the Delta County Municipal Utility District (Appellees), who initially sued to collect around $7,153.68 in delinquent ad valorem taxes for the tax years of 2022 and 2023, plus penalties, interest, costs, and fees. Garber submitted over a dozen preliminary filings in the suit, including a special appearance. Garber then failed to attend the trial. The trial court denied Garber's motions and then rendered a judgment in favor of the Appellees for the amounts owed.

On appeal, Garber raises four issues, alleging that (1) the trial court failed to rule on his special appearance, (2) the trial court entered judgment before disposing of his motions, (3) the trial court proceeded irregularly, and (4) the district clerk acted beyond her authority. In a fifth issue, Garber maintains that the absence of a reporter's record does not defeat this appeal. Because the reporter's record was subsequently filed, the fifth issue is moot. We overrule Garber's remaining issues and affirm the trial court's judgment.

I.      Background

Garber owned five acres of land located at 2665 Farm-to-Market Road (FM) 2068 in Klondike, Texas, as well as business-personal property with an assessed value of $17,500.00.

Appellees imposed taxes on both the land and the business-personal property. Garber did not pay the taxes owed. After delinquencies in tax years 2022 and 2023, the Appellees filed suit to recover.

Garber was served with a petition and summons at 2665 FM 2068 on October 3, 2024. A return of service was filed the same day. In response, Garber filed an affidavit of distinction, a challenge to standing affidavit, and a reject for cause on October 15, 2024. In August 2025, ten months later, Appellees filed an amended petition, adding tax year 2024 to the suit, and confirmed the scheduling of a hearing. Garber responded with fourteen distinct filings. Garber's filings included a special appearance, motions to quash, dismiss, strike, stay, quiet title, suppress, judicial notice, and for declaratory judgment, request for disclosures, a counterclaim, and an affidavit of service. The trial court required a hearing to consider and rule on Garber's motions. Garber requested such a hearing, and the trial court set the matter for trial on all issues on November 21, 2025.

Garber changed course and filed a "Rebuttal to Notice of Setting and Final Demand for Ruling on Submissions Only" the day before trial. Garber did not attend the trial. Despite his absence, the Appellees asked the trial court to first rule on Garber's motions that potentially required preliminary consideration, including Garber's special appearance. After evidence was submitted and testimony heard, the trial court denied Garber's motions. The trial court then proceeded to render a judgment in favor of Appellees totaling $9,988.83, plus penalties, interest, costs, and fees.

3

On December 1, 2025, more than a week after the conclusion of the trial, Garber again asked the trial court to issue a ruling on submissions. Garber noticed his appeal, stating that the judgment was void and sought sanctions for fraud upon the trial court, ultra vires acts, and due process violations.

## II. The Trial Court Did Not Err by Failing to Rule on Garber's Special Appearance

In his first issue, Garber contends that the trial court erred by not ruling on his special appearance prior to proceeding forward with the case.

### A. Standard of Review

Rule 120a of the Texas Rules of Civil Procedure recognizes a procedure for a "special appearance"—a means by which a party may make a limited appearance in the case for the purpose of challenging personal jurisdiction without making a general appearance that will waive the challenge. TEX. R. CIV. P. 120a; *see First Oil PLC v. ATP Oil & Gas Corp.*, 264 S.W.3d 767, 776 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). "We review the trial court's ruling on a special appearance, including any determination of whether the defendant waived his special appearance, under a de novo standard of review." *Vinson v. Civelli*, No. 09-24-00182-CV, 2026 WL 391740, at *2 (Tex. App.—Beaumont, Feb. 12, 2026, no pet.) (mem. op.) (citing *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013)).

"A party availing itself of Rule 120a must strictly comply with its terms or risk waiver of its special appearance." *Walmart, Inc. v. Fintiv, Inc.*, No. 06-20-00071-CV, 2021 WL 3572728, at *5 (Tex. App.—Texarkana, Aug. 13, 2021, no pet.) (mem. op.) (citing TEX. R. CIV. P. 120a; *First Oil PLC*, 264 S.W.3d at 776). "The Texas Supreme Court has 'held that a party enters a

4

general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court.'" *Id.* (quoting *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam) (citing *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998))). "Even if the party obtains a hearing on its special appearance, if it seeks affirmative action from the court on an inconsistent motion before obtaining a ruling on its special appearance, the party waives its challenge to personal jurisdiction." *Id.* (citing *Glob. Paragon Dallas, LLC v. SBM Realty, LLC*, 448 S.W.3d 607, 612–13 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Trenz v. Peter Paul Petroleum Co.*, 388 S.W.3d 796, 801, 803 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *SBG Dev. Servs., L.P. v. NuRock Grp., Inc.*, No. 02-11-00008-CV, 2011 WL 5247873, at *1, *3 (Tex. App.—Fort Worth Nov. 3, 2011, no pet.) (mem. op.); *Landry v. Daigrepont*, 35 S.W.3d 265, 266–68 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.); *Phoenix Fireworks Mfg., Inc. v. DM Plastics, Inc.*, No. 04-98-00209-CV, 1998 WL 354927, at *3 (Tex. App.—San Antonio June 30, 1998, no pet.) (not designated for publication)). "This is [called] the 'due-order-of-pleading' requirement." *Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 133 (Tex. App.—Dallas 2011, no pet.) (quoting *Exito Elecs.*, 142 S.W.3d at 305).

### B.  Analysis

A defendant who timely files a pro se answer by a "signed letter [that] 'identifie[d] the parties, the case, and the defendant's current address,'" has sufficiently appeared by answer and deserves "notice of any subsequent proceedings . . . [in] the case." *Unger Tex. Stone, LP v.*

*Deere Credit, Inc.*, 735 S.W.3d 917, 924 (Tex. App.—Eastland 2026, no pet.) (second alteration in original) (quoting *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam)).

Here, Garber filed an affidavit of distinction, a challenge to standing affidavit, and a reject for cause. Within those filings, Garber responded to the merits of the claims and sought affirmative actions from the trial court. Garber's denial of the claims constituted an answer and general appearance. Furthermore, Garber requested the petition and summons be struck ("nullif[ied]") and for damages consisting of 30,000 silver eagles, among other relief. Nearly a year later, on September 8, 2025, Garber filed his special appearance.

Because Garber responded to the merits of the claims and sought affirmative actions from the trial court, we find that those filings constituted a general appearance. As a result, we overrule Garber's first point of error.

### III. The Trial Court Did Not Err When it Entered Judgment

In his second point of error, Garber contends that the trial court erred by entering judgment before ruling on Garber's dispositive motions.

On October 8, 2025, the trial court set all of Garber's motions for hearing on November 21. The case was also set for trial for that same date, and Garber was served with notice of the trial date. Even so, Garber failed to attend trial and make any arguments regarding his pending motions.

At the hearing, Elmo Robinson, the trial court bailiff and Delta County Constable, testified that he served Garber, which is not disputed by Garber on appeal. Appellees then discussed Garber's pending motions and asked the trial court to deny them. The trial court

6

granted Appellees' request, thereby ruling on all of Garber's motions. The case then proceeded on the merits, and judgment was entered at the conclusion of the trial.

Because the record directly refutes Garber's claim and shows that the trial court ruled on all his motions prior to proceeding on the merits, we overrule Garber's second point of error. *See Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (per curiam) ("[W]e do not consider factual assertions that appear solely in briefs and are not supported by the record." (quoting *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006))); *In re R.M.H.*, No. 05-13-01426-CV, 2014 WL 5581042, at *3 (Tex. App.—Dallas Nov. 4, 2014, no pet.) (mem. op.) (citing *Unifund*, 262 S.W.3d at 797) (refusing to address appellant's assertions which were not factually supported by the record).

## IV. No Contradictions Existed in the Clerk's Record to Demonstrate Procedural Error

In his third point of error, Garber complains of irregularities in the record that require reversal. Garber alleges that the judgment was entered before the date of the final hearing.

Garber confuses the common filing practices that are familiar to trial courts. Appellees filed a proposed order on November 19, 2025. Filing a proposed order before trial is a matter of judicial efficiency, as it allows the trial court to have documents ready to sign on the day of trial, should the trial court choose to rule accordingly. The district clerk marked the proposed order as "[f]iled" on November 19, 2025, which is the date of receipt. The trial court did not sign and order judgment until November 21, 2025, and same was filed at 9:36 a.m., which was after the trial court ruled on Garber's motions at 9:19 a.m. and then proceeded to conduct the trial that same day.

7

As no judgment was issued until after the trial, there is no procedural irregularity regarding the judgment. As a result, we overrule Garber's third point of error.

## V. Garber Failed to Adequately Brief His Issue Regarding the District Clerk Exceeding Her Authority

In his fourth point of error, Garber contends that the district clerk took actions that exceeded her authority.

Under the Texas Rules of Appellate Procedure, Garber's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *Delta Cnty. Appraisal Dist.* v. *PPF Gin & Warehouse, LLC*, 632 S.W.3d 637, 652 (Tex. App.—Texarkana 2021, pet. denied). "Failure to cite legal authority or provide substantive analysis of the legal issues presented results in waiver of the complaint." *PPF Gin & Warehouse*, 632 S.W.3d at 652 (quoting TEX. R. APP. P. 38.1(i)). Furthermore, because "[w]e are not to construct an argument for a party," we must overrule a "blanket, conclusory argument." *Trimble v. Luminant Mining Co.*, No. 06-15-00004-CV, 2016 WL 234483, at *3 (Tex. App.—Texarkana Jan. 20, 2016, no pet.) (mem. op.). "And we are not responsible for doing the legal research that might support a party's contentions." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) (citing *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party." *Id.* (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)).

Garber presents this point of error without specificity. Garber claims that "[t]o the extent the record reflects clerk actions beyond ministerial authority, such actions are ultra vires and void." Yet, Garber fails to provide any legal authority or substantive analysis regarding this point of error. Because Garber has failed to adequately brief this issue, we overrule his fourth point of error.

## VI. Garber's Fifth Issue is Moot

Finally, Garber argues that the absence of a reporter's record does not defeat his appeal because the issues are apparent from the face of the clerk's record. When an appellant fails to request or pay for a reporter's record, an appellate court may "consider and decide those issues or points that do not require a reporter's record for a decision." TEX. R. APP. P. 37.3(c). However, because Appellee provided the reporter's record, which is now before us, Garber's fifth issue is moot.

## VII. Conclusion

We affirm the judgment of the trial court.


Scott E. Stevens
Chief Justice


Date Submitted:     June 29, 2026
Date Decided:       August 4, 2026


9